UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAPHNE WEARY                                         CIVIL ACTION NO.

VERSUS                                               19-698-BAJ-EWD

LUMBER LIQUIDATORS, INC.

RULING AND ORDER

Before the Court are multiple motions related to scheduling in this matter, to-wit: (1) the Motion to Modify Scheduling Order with respect to completing all "Lay Discovery" ("Motion to Extend Fact Discovery"),[1] filed by Plaintiff Daphne Weary ("Plaintiff");  (2) the Motion to Extend Defendant's Expert Disclosure, Defendant's Expert Report Deadlines, and Expert Discovery ("Motion to Extend Defendant's Expert Deadlines")[2], filed by Defendant Lumber Liquidators, Inc. ("LLI"); and (3) the Motion to Modify Scheduling Order with Respect to Extension of Plaintiff's Deadline to Name Expert and Serve CV ("Motion to Extend Plaintiff's Expert Designation Deadline"), filed by Plaintiff.[3]  For the reasons that follow, the Motion to Extend Fact Discovery will be denied as untimely, as Plaintiff has not shown excusable neglect; the Motion to Extend Defendant's Expert Deadlines and Motion to Extend Plaintiff's Expert Designation Deadline will be granted to the extent set forth below.

Motion to Extend Fact Discovery

Plaintiff seeks an extension of the fact discovery deadline (to which no timely opposition was filed) to an unspecified date, primarily so that she can re-file her motion to compel and potentially take two to four depositions.[4]  The record reflects that the fact discovery deadline

---

[1] R. Doc. 41.
[2] R. Doc. 45.
[3] R. Doc. 47.
[4] R. Doc. 41.

expired on October 15, 2020, having been extended to that date by order of the district judge on prior motion of the Plaintiff.[5] The Motion to Extend Fact Discovery was filed approximately one and a half months after the expiration of the deadline.  When an extension is sought of an expired Scheduling Order deadline, Fed. R. Civ. P. 6(b)(1)(B) applies, and it provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect."

The Motion to Extend Fact Discovery fails to establish excusable neglect. At most, the Motion alleges that Plaintiff has participated in some discovery, reviewed documents (after some initial delay in connection with prior counsel), yet still needs to obtain responses to requests for admissions (through the re-assertion of a motion to compel, which Plaintiff has already asserted but which was denied as untimely),[6] and take two to four depositions, despite previously not believing any were needed.[7]  While these allegations describe the discovery Plaintiff has conducted and contends that she still needs, they do not sufficiently explain why Plaintiff did not timely request an extension of the fact discovery deadline, nor does Plaintiff's reference to the reasons contained in the Renewed Motion to Continue Expert Deadlines that was previously filed by Plaintiff.[8]  The fact discovery deadline has already been extended once by the district judge, and further extensions will adversely impact the other scheduling deadlines in this case.  Although the expert disclosure, reporting and discovery deadlines will be extended, as discussed below, significant, additional, untimely fact discovery and motion practice would potentially impact even the extended deadlines as experts may need the information developed in any additional fact discovery to complete expert reports or additional fact discovery may lead to a request for

---

[5] R. Docs. 29, 30.
[6] R. Doc. 36.
[7] R. Doc. 41-1, pp. 2-4.
[8] R. Doc. 32.

supplemental reports.   The district judge specifically declined to continue the trial or pretrial conference[9] in response to Plaintiff's request in August 2020.[10]

Busy schedules and inattentiveness do not suffice to show excusable neglect.[11]   Even the impact of the pandemic was well known to the parties before the extended October 15, 2020 fact discovery deadline expired and was, indeed, part of the basis for Plaintiff's request that led to the extension.[12]   As such, and because Plaintiff has failed to show excusable neglect in her untimely request for extension, the Motion to Extend Fact Discovery will be denied.

<u>Motion to Extend Defendant's Expert Deadlines and Motion to Extend Plaintiff's Expert Designation Deadline</u>

LLI seeks to extend its current deadlines to identify experts (from January 4, 2021 to February 1, 2021), to provide expert reports (from February 5, 2021 to March 1, 2021) and to extend the expert discovery deadline from February 26, 2021 to March 31, 2021,[13] because of Plaintiff's failure to timely provide a resume of her proposed expert.   LLI contends that it cannot prepare its own expert submissions without some idea of the substance of Plaintiff's expert's proposed testimony.[14]   LLI's Motion to Extend Expert Deadlines was timely filed on December 11, 2020. On December 13, 2020, Plaintiff filed an "Opposition" to this Motion, but clarified therein that Plaintiff does not really oppose the relief sought, and indeed, also seeks an extension of her (expired December 4, 2020) deadline (and others) to name her expert and serve his curriculum vitae.[15]

---

[9] R. Doc. 30.

[10] R. Doc. 29.

[11] *See, e.g., In re Sanchez*, No. 17-51721, 2018 WL 3816775 (W.D. Tex. July 24, 2018) (analyzing excusable neglect under the factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).

[12] R. Doc. 29-1.

[13] R. Doc. 40.

[14] R. Doc. 45, pp. 2-3.

[15] R. Doc. 46.  LLI filed a reply. R. Doc. 49-1.

The same day as her "Opposition," Plaintiff also filed her own Motion to Extend Plaintiff's Expert Designation Deadline, wherein she explicitly seeks an extension of her December 4, 2020 expert designation deadline to her then-current deadline to produce expert reports, *i.e*., January 4, 2021.[16]  As grounds for the extension, Plaintiff contends that while she timely designated Dr. Foundas as her expert,[17] Dr. Foundas later told Plaintiff she could not render a final diagnosis, which caused Plaintiff to have to find another expert. Plaintiff contends that she has found another expert and will designate said expert and provide his report on the date of the requested extension, *i.e*., January 4, 2021, which will not prejudice LLI.[18]

Fed. R. Civ. P. 16(b) allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[19]  LLI timely sought an extension of its expert deadlines and has shown good cause in support of the requested extensions, as LLI cannot reasonably respond with expert submissions until Plaintiff has done so, and Plaintiff has not yet sufficiently complied with the identification obligations as to her new expert.  Furthermore, the requested extensions will not adversely impact the deadline for dispositive and Daubert motions, or the other pretrial deadlines, and will cause no prejudice to Plaintiff.  Therefore, LLI's Motion to Extend Expert Deadlines will be granted, extending its deadline to designate experts to February 1, 2021, to exchange expert reports to March 1, 2021, and to extend the expert discovery deadline from February 26, 2021 to March 31, 2021.  The parties are advised that further extensions of the expert deadlines will not be

---

[16] R. Doc. 40.

[17] R. Doc. 42, filed on November 29, 2020.

[18] R. Doc. 47-1 and R. Doc. 46.

[19] *Madison v. PALA Interstate, LLC,* No. 13-765-BAJ, 2014 WL 7004039, at *3 (M.D. La. Dec. 10, 2014), *citing Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.,* 591 F.3d 458, 470 (5th Cir.2009) (quoting *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir.2003)).

possible without a corresponding extension of the dispositive and Daubert motion deadlines, which will also require an extension of the pretrial and trial dates; however, further extensions of the pretrial and trial dates are unlikely to be granted in light of the fact that they have already been continued once.

Plaintiff's Motion to Extend Plaintiff's Expert Designation Deadline was technically filed nine days after the expiration of her expert designation deadline and is thus untimely; however, the record reflects that Plaintiff did timely designate her initial expert on November 28, 2020, only to later discover that her expert could not provide a final diagnosis.  As of December 13, 2020, Plaintiff stated that she has found another expert and will identify him/her and provide his/her curriculum vitae and report all on the same day, January 4, 2021, which was, at the time of the filing of her Motion, her deadline to produce expert reports anyway.  In light of the extensions granted herein to LLI, it will not be prejudiced by a corresponding extension to Plaintiff to provide her expert submissions *in globo*, as LLI now has until early February to respond. Thus, the Motion to Extend Plaintiff's Expert Designation Deadline shall be granted in part. Since Plaintiff's requested date has now expired, her deadline to designate experts and produce reports is extended to January 7, 2021.  Plaintiff is reminded that further requests for extensions filed after the expiration of deadlines will require a showing of Fed. R. Civ. P. 6(b)(1)(B) excusable neglect.

Accordingly,

**IT IS ORDERED** that the Motion to Modify Scheduling Order with respect to completing all "Lay Discovery,"[20] filed by Plaintiff Daphne Weary is **DENIED** as untimely.

**IT IS FURTHER ORDERED** that the Motion to Extend Defendant's Expert Disclosure, Defendant's Expert Report Deadlines, and Expert Discovery, filed by Defendant Lumber

---

[20] R. Doc. 41.

Liquidators, Inc.,[21] is **GRANTED**.  Lumber Liquidators, Inc.'s deadline to designate experts is extended to **February 1, 2021**, deadline to exchange expert reports is extended to **March 1, 2021**, and the expert discovery deadline is extended to **March 31, 2021**.

      **IT IS FURTHER ORDERED** that the Motion to Extend Plaintiff's Expert Designation Deadline,[22] filed by Plaintiff Daphne Weary, is **GRANTED IN PART.**  Plaintiff's deadline to designate experts and produce reports is extended to **January 7, 2021**.  A separate Scheduling Order shall issue.

      Signed in Baton Rouge, Louisiana, on January 5, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] R. Doc. 45.
[22] R. Doc. 47.