UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAPHNE WEARY                                                    CIVIL ACTION

VERSUS

LUMBER LIQUIDATORS, INC.                      NO. 19-00698-BAJ-EWD

### RULING AND ORDER

This is an employment discrimination case. Plaintiff alleges that Defendant unlawfully discriminated against her—and ultimately terminated her from her store manager position—due to her race and age. (Doc. 1 at ¶¶ 116-117). Plaintiff seeks all relief available to her as a result of Defendant's alleged discrimination, including back pay. (*Id.* at ¶ 118).

Now before the Court is Plaintiff's opposed **Motion To Clarify Back Pay Claim (Doc. 57)**, in which Plaintiff asserts that after her termination, she obtained new employment as a letter carrier with the U.S. Postal Service, where "[s]he suffered a temporarily disabling dog bit to her right arm on June 2, 2020." (Doc. 57-1 at 1). Plaintiff's Motion seeks to "clarify" that if she ultimately prevails in her wrongful termination claim, she should recover back pay at Defendant's rate during her period of temporary disability at the Postal Service. (*Id.*).

Plaintiff's Motion will be denied. Undeniably, a prevailing plaintiff may obtain back pay under the anti-discrimination statutes. *See Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 482–83 (5th Cir. 2007). In a wrongful termination case such as this, "[b]ack pay encompasses what the plaintiff would have received in compensation but for the employer's [unlawful activities]," and accrues from the date of the

unlawful termination until the date of the judgment. *See id.* As such, in *some* circumstances, a prevailing plaintiff *may* recover back pay at the defendant's rate even when the plaintiff suffers a disabling injury during the course of subsequent employment, provided that "(1) [her] disabling injury occurred during the course of [her] subsequent employment and (2) that injury was caused by factors unlikely to have been present during the course of [her] employment with Defendant[]." *Adams v. E. Fisheries, Inc.*, No. 12-cv-12394, 2015 WL 2401835, at *3 (D. Mass. May 20, 2015) (citing authorities).

Plainly, such a determination is a highly fact intensive inquiry, typically "appropriate for jury resolution." *Id.* at *1. Here, however, Plaintiff provides no evidence to support her Motion, leaving the Court at a complete loss to determine (1) whether, in fact, Plaintiff suffered a temporarily disabling dog bite during her subsequent employment as a mail carrier; (2) whether the factors resulting in that alleged injury were unlikely to have been present during her employment with Defendant; or even (3) the duration of her "temporary" disability resulting from the dog bite. Thus, any ruling on the issue of back pay during this alleged period of disability would be purely speculative, and would amount to an impermissible advisory opinion. *See Nguyen v. Hartford Underwriters Ins. Co.*, 514 F. Supp. 3d 831, 836 (M.D. La. 2021) (Jackson, J.) ("[T]he Court lacks authority to render an advisory opinion on hypothetical or abstract facts. This rule ensures that federal courts determine specific disputes between parties, rather than hypothetical legal questions, and in doing so, conserve judicial resources." (quotation marks, alterations, and

citations omitted).¹

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Clarify Back Pay Claim (Doc. 57) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that a telephone status conference is set for Wednesday, January 26, 2022 at 1:30 p.m. to discuss the pending stay of this matter and whether a new scheduling order should be entered. Participation information will be emailed to counsel the day of the status conference.

Baton Rouge, Louisiana, this 12th day of January, 2022

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

¹ Separately, but on a related note, Local Rule 7(d) states that if a "motion requires consideration of facts not in the record, the movant must also file and serve upon opposing counsel a copy of all evidence supporting the motion." M.D. La. LR 7(d). No "facts" regarding Plaintiff's allegedly disabling dog bite appear elsewhere in the record, and, again, Plaintiff has provided no evidentiary support whatsoever to substantiate her claim to back pay following this event. As such, Plaintiff's Motion will also be denied for having failed to satisfy Local Rule 7. *See CMFG Life Ins. Co. v. Lee*, No. 20-cv-00157, 2021 WL 1395768, at *1 (M.D. La. Apr. 13, 2021) (Jackson, J.) "[T]his Court has repeatedly warned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that fails to comply with the Local Rules does so at his own peril." (quotation marks and citations omitted)).